IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,              AMENDED ORDER

      v.                             17-cr-121-jdp-1

DANIEL SWESSEL,

                Defendant.

---

Defendant moved to amend the order revoking his supervised release to clarify the that the revocation sentence is to run concurrently with the remaining portion of his state sentence. Dkt. 63. At the revocation hearing, the court stated that the revocation sentence was to begin on the day of sentencing and run concurrently with the remainder of the state sentence. Accordingly, the motion to amend the order is GRANTED and the order is restated and amended as follows:

A hearing on the probation office's petition for judicial review of Daniel Swessel's supervised release was held on October 22, 2024, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Aaron Wegner. Defendant was present in person and by counsel William Jones. Also present telephonically was U.S. Probation Officer Kyle Severson.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 10, 2018,

following his conviction for possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months, with a four-year term of supervised release to follow.

Defendant began his first term of supervised release on February 3, 2021.

On March 28, 2023, defendant's first term of supervised release was revoked. Defendant violated his conditions of release when he used methamphetamine, was convicted of disorderly conduct with a domestic abuse modifier in Barron County, Wisconsin, Circuit Court Case 2023CM27, consumed alcohol, and participated in gambling. He was committed to the Bureau of Prisons for a term of 60 days and until the first available vacancy at a residential re-entry center. A three-year period of supervised release was to follow. On April 18, 2023, defendant's second term of supervised release commenced.

Defendant violated the mandatory condition that he not illegally possess a controlled substance and Standard Condition No. 5 requiring that he not purchase, possess, use, distribute, or administer any narcotic or other controlled substance when he used methamphetamine, as evidenced by his admissions and positive drug tests. Specifically, defendant admitted to methamphetamine use on September 7, 2023, through a verbal statement given to his supervising U.S. probation officer. Additionally, defendant admitted to methamphetamine use on December 12, 2023, and February 12, 2024, through a written statement given to his U.S. probation officer. Further, on February 19, 2024, and March 4, 2024, defendant provided urine specimens that tested positive for methamphetamine.

Defendant violated the mandatory condition of supervised release that he not commit

another federal, state, or local crime, when on March 8, 2024, defendant was arrested by members of the Trempealeau County, Wisconsin, Sheriff's Office and was found to be in possession of 161.1 grams of methamphetamine in addition to drug paraphernalia. Defendant was convicted in Trempealeau County, Wisconsin, Circuit Court Case No. 2024CF51 for a felony-level charge of possess with intent – amphetamine/methamphetamine/etc. (>50 grams).

Defendant also violated Special Condition No. 16 requiring that he submit to drug testing when on January 20, 2024, and February 25, 2024, defendant failed to report for drug testing at the Fahrman Center in Eau Claire, Wisconsin.

## CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is IV. With a Grade B violation, defendant has an advisory guideline range of imprisonment of 12 to 18 months. The statutory maximum to which defendant can be sentenced upon revocation is three years, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class B felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I am persuaded that a sentence within the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and to promote specific and general deterrence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March

28, 2023, is REVOKED, and he is committed to the custody of the Bureau of Prison for a term of 14 months. The federal revocation sentence is to begin as of the date of the hearing, December 11, 2024, and is to run concurrently with the remainder of the sentence imposed in Trempeleau County (Wisconsin) Case. No. 2024CF000051. No term of supervised release shall follow the term of imprisonment.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered January 27, 2026

BY THE COURT:

/s/ James D. Peterson
_____
James D. Peterson
U.S. District Judge